IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ORIENTAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 2019-57 |
| | ) |
| CHARLES J. HUTCHINGS *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is non-party applicant Sapphire Hill Village Condominium Owners Association's ("Sapphire") "Second Amended Motion to Intervene as a Defendant." [ECF 67]. *See also* [ECFs 64, 65]. The motion is fully briefed. [ECFs 69, 71-1].

**I.   BACKGROUND**

The Bank of Nova Scotia ("BNS") filed the original complaint in this case in July 2019 against Nancy and Charles Hutchings, owners of a condominium at Sapphire Hill Village Condominiums on St. Thomas. Compl. [ECF 1] ¶¶ 4, 7. BNS, which loaned the Hutchings money to purchase the condominium, claimed they failed to comply with the terms of their promissory note and mortgage. *Id.* ¶ 10. BNS sought a judgment foreclosing its lien and all other lower priority liens. *Id.* ¶¶ 23, 30.

In November 2019, BNS recorded a *lis pendens* against the property at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John. [ECF 45]. Approximately one month later, the Clerk of Court docketed an entry of default against the Hutchings. [ECF 9]. Six months after that, the Court granted BNS's motion to substitute Oriental

Bank ("the Bank") as the proper party-plaintiff. [ECF 18]. Thereafter, the Court stayed the case until the end of August 2020 due to a moratorium on foreclosures necessitated by the COVID-19 pandemic. [ECFs 20, 21].

In December 2020, the parties reached a settlement agreement in principle. [ECF 22]. Several months later, the Bank noticed the death of Nancy Hutchings. [ECF 26]. The Bank then filed a First Amended Complaint ("FAC") naming as additional defendants the unknown heirs of Nancy Hutchings.[1] FAC [ECF 27] ¶11.

In September 2021, Sapphire recorded a lien against the property at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John. [ECF 60-3]. One month later, the Clerk of Court docketed entries of default as to the unknown heirs of Nancy Hutchings and as to Charles Hutchings. [ECFs 52, 55]. The Bank then moved for a default judgment as to all defendants. [ECF 58].

Sapphire filed its original motion to intervene on February 4, 2022. [ECF 60]. It filed an amended motion to intervene on February 14, 2022, and a second amended motion to intervene (the motion currently before the Court) on February 23, 2022. [ECFs 64, 67].

## II. LEGAL STANDARDS

The party seeking to intervene, whether as a matter of right or permissively under Federal Rule of Civil Procedure ("FRCP") 24, bears the burden of demonstrating that intervention is appropriate. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994) (noting that the burden of proving all four elements under Rule 24(a) "falls on the applicant"); *In re*

---

[1] Specifically, the FAC lists the additional defendants as the "unknown heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees and all other parties claiming an interest by, through, under or against the estate of Nancy A. Hutchings a/k/a Nancy Anne Hutchings f/k/a Nancy A. McMaster." FAC [ECF 27] ¶ 11.

*Oriental Bank v. Hutchings, et al.*
Civil No. 2019-57
Page 3

*Budeprion XL Mktg. & Sales Litig.*, 2012 WL 4322012, at *5 (E.D. Pa. Sept. 21, 2012) ("Whether to allow permissive intervention is left to the discretion of the trial court with the burden resting on the entity seeking to intervene.") (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135-36 (3d Cir. 1982)).*see* 6 James W. Moore et al., 6-24 Moore's Federal Practice, § 24.03 (3d ed.) (stating that the applicant bears the burden of establishing its right to intervene and failure to establish any one of the criteria under Rule 24(a) is sufficient grounds to deny the motion). Regardless of whether a non-party utilizes the mandatory or permissive mechanism for intervention, "[a] motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FRCP 24(c). Further, the court must accept as true the non-conclusory allegations made in support of a motion to intervene. *See Olympic Sports Data Servs. v. Maselli*, 2008 WL 5377626, at *2 (E.D. Pa. Dec. 22, 2008) ("The court is to accept the movant's motions and pleadings as true to the extent they are non-conclusory and well-pleaded.") (collecting cases). Finally, "[a]n application to intervene, whether of right or by permission, must be timely under the terms of Rule 24." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982).

Intervention as of right is governed by Rule 24(a)(2), which provides that a court must permit intervention where a movant, upon timely motion,

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FRCP 24(a)(2). Thus, in addition to timeliness, the following elements must be met in order to establish intervention as of right: (1) "the applicant has a sufficient interest in the litigation;" (2) "the interest may be affected or impaired, as a practical matter by the disposition of the action;"

and (3) "the interest is not adequately represented by an existing party in the litigation." *Gen. Star Indem. Co. v. Virgin Islands Port Auth.*, 224 F.R.D. 372, 374-75 (D.V.I. 2004) (quoting *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992)); *accord Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) (stating that each factor "must be met to intervene as of right").

Rule 24(b) governs permissive intervention and provides that the Court may permit anyone to intervene, upon timely motion, who has "a conditional right to intervene by a federal statute" or "a claim or defense that shares with the main action a common question of law or fact." FRCP 24(b)(1)(A)-(B). Determining whether a motion for permissive intervention should be granted is within the discretion of the court. *See Pa. Prison Soc'y v. Cortes*, 622 F.3d 215, 232 (3d Cir. 2010); *Hoots*, 672 F.2d at 1136. In evaluating the applicability of permissive intervention, courts should consider whether the proposed intervenors "will add anything to the litigation," *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 486 (M.D. Pa. 2005), and whether the proposed intervenors' interests are already adequately represented in the litigation. *See Hoots*, 672 F.2d at 1136 (noting that "where . . . the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue'"). Furthermore, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b)(3).

### III.  DISCUSSION

A.  <u>Sapphire's Motion is Timely</u>

"[T]imeliness is measured from the point at which the applicant knew or should have known, of the risk to its rights." *Gen. Star Indem. Co.*, 224 F.R.D. at 375 (quotation marks

omitted); *see also Alcan Aluminum, Inc.*, 25 F.3d at 1182 (explaining that timeliness "should be measured from the point which an applicant knows, or should know, its rights are directly affected by the litigation" and "not . . . from the time the applicant learns of the litigation"); *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (to determine whether an applicant acted promptly, courts consider "the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties"). However, an application to intervene is not made untimely by the "mere lapse of time." *Gen. Star Indem. Co.*, 224 F.R.D. at 375 (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7C Federal Practice & Procedure Civil 2d § 1916 (1986) (quotation marks omitted)). Rather, timeliness is determined by looking at the totality of the circumstances. *Alcan Aluminum, Inc.*, 25 F.3d at 1181 (stating that "timeliness is not just a function of counting days") (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973)).

In deciding whether a motion to intervene is timely, the following factors are considered: "(1) the stage of the proceedings reached when the movant seeks to intervene, (2) the prejudice that the resulting delay might cause to other parties, and (3) the reason for the delay." *Gov't of the V.I. v. Lansdale*, 2010 WL 2991053, at *2 (D.V.I. July 26, 2010) (citing *Choike v. Slippery Rock Univ. of Pa.*, 297 F. App'x 138, 140 (3d Cir. 2008)).

Sapphire argues that its motion is timely because although the original complaint was filed in 2019, there has been no discovery, no contested motion practice, and the first dispositive motion was filed in December 2021. [ECF 65] at 2. Further, Sapphire contends that the Bank will not be prejudiced by its intervention because Sapphire does not need any discovery and only contemplates filing "a motion for summary judgment that recognizes the second priority lien and the amount it is entitled to recover upon foreclosure of that lien." *Id.* Lastly, Sapphire avers that it was unaware

of the case until just a few days before it moved to intervene. *Id.* at 3. According to Sapphire, since filing the instant motion, it became aware of ongoing settlement negotiations and has joined those efforts. *Id.* The instant motion, it states, was filed out an abundance of caution to protect its interests. *Id.*

The Bank argues that all parties claiming an interest in the property, including Sapphire, were put on notice in November 2019 by the Bank's recorded *lis pendens*. [ECF 69] at 3. Further, the Bank avers that the balance on Sapphire's lien should have suggested to it that the property's monthly payments had not been made for a long period of time, thereby prompting Sapphire to conduct a title search. *Id.* The Bank concludes that the matter "is in its final stages" and that Sapphire's motion is therefore untimely. *Id.* at 3-4.

In its reply, Sapphire maintains that it was unaware of the Bank's recording of its *lis pendens*, arguing that the Bank never served the *lis pendens* on Sapphire or otherwise notified it. [ECF 70] at 2. According to Sapphire, if the Bank had complied with its obligation under Virgin Islands law to make Sapphire a defendant in this action because it has a lien "subsequent to" the Bank's, Sapphire would have learned of the suit when it was served as a defendant. *Id.* at 1.

First, while there has been little activity in this case, that is because defendants never responded to the complaint, not because the case is still in its early stages. In fact, other than the instant motion, the only other motion currently pending is the Bank's motion for default judgment. Thus, the case is in its final stages.

Second, regarding the prejudice factor, "the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995). Here, although the effort to intervene comes relatively late in the case, the Bank has not

identified any prejudice that would attend Sapphire's being allowed to intervene. Rather, permitting Sapphire to intervene would not delay the proceedings in any significant way, if at all.

Finally, regarding the reason for the delay, although the Bank argues that Sapphire knew or should have known that its interests were in jeopardy at some earlier date—either because of the back dues owed by the Hutchings or because of the Bank's recording of a *lis pendens* in November 2019—the Bank offers no legal authority for either of these propositions. In addition, it is not reasonable to conclude that Sapphire should have been prompted to conduct a title search by virtue of the Hutchings' failure to pay their condominium dues. Moreover, although Sapphire may arguably be deemed to have had constructive notice of the Bank's *lis pendens*, it claims not to have had actual notice until February 2022. On this record, the Court finds that Sapphire's motion is timely.

B.  Sapphire's Application Satisfies Rule 24(a)(2)

    1.  Sapphire's Interest in the Litigation

Rule 24 does not detail what kind of interest a party must have to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971); *see also Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (noting that no "precise and authoritative definition of the interest that satisfies Rule 24(a)(2)" exists) (quotation marks omitted). "Nonetheless, the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 972. Accordingly, to establish a sufficient interest for intervention, "the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris*, 820 F.2d at 601. "This interest is recognized as one belonging to or being owned by the proposed intervenor." *Mountain*

*Top Condo. Ass'n*, 72 F.3d at 366. Furthermore, the proposed intervenor should have an interest that "is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler*, 157 F.3d at 972. Finally, the Third Circuit has held:

> In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

*Mountain Top Condo. Ass'n*, 72 F.3d at 366 (citations omitted).

Sapphire contends that the Hutchings owe the association $25,011.81 in unpaid condominium dues. [ECF 65] at 3. Sapphire argues that the only reason it seeks to intervene is to protects its existing statutory lien under 28 V.I.C. § 922(a). *Id.* The Bank counters that because Sapphire's lien is inferior to the Bank's, "Sapphire has no legally protectable interest in the litigation." [ECF 69] at 4. In addition, the Bank argues that Sapphire's purely economic interest in the litigation is insufficient to warrant granting its motion to intervene. *Id.* Further, in the Bank's view, its proposed judgment of foreclosure can be easily modified to specify that Sapphire is a junior lienholder, thereby simultaneously satisfying the statutory requirements of 28 V.I.C. § 533 and protecting Sapphire's interests. *Id.* at 4-5.

Sapphire's interest in this litigation is $25,011.81 in unpaid condominium dues. Thus, it is capable of definition. Further, while economic in nature, Sapphire's interest is also legally cognizable under 28 V.I.C. § 922(a), which provides as follows:

> All sums assessed by the Association of Apartment Owners but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except only (i) tax liens on the apartment in favor of the Government of the United States Virgin Islands, and (ii) all sums unpaid on a first mortgage of record. Such lien may be foreclosed .
> . . .

*Oriental Bank v. Hutchings, et al.*
Civil No. 2019-57
Page 9

Finally, Sapphire's interest is direct in that it is a debt currently owed by the Hutchings. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 454-66, 469-70 (5th Cir. 1984) (denying the applicants' motion to intervene as of right because the applicants—customers of a utility who sought to intervene in a contract action brought by the utility against a natural gas supplier, claiming that the litigation might result in higher rates—only had an indirect economic interest in the litigation); *accord Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 421-23 (8th Cir. 1999) (denying the applicants' motion to intervene as of right because the applicants—three student groups who sought to maintain their funding in the context of a suit brought by five university students against their school on the grounds that certain fees violated their constitutional rights because they were given to student groups plaintiffs did not support—did not have an interest that was legally protectable). Therefore, Sapphire has satisfied this element.[2]

    2.    <u>Potential Impairment of Interest by Disposition of Action in Sapphire's Absence</u>

Once an applicant for intervention has established that he or she has a sufficient legal interest in the underlying dispute, the applicant must also show that the interest may be jeopardized in the applicant's absence. In making this determination, the court must assess "the practical consequences of the litigation, and may consider any significant legal effect on the applicant's interest." *Brody*, 957 F.2d at 1122 (quotation marks and citations omitted). It is not sufficient that the claim is incidentally affected; rather, there must be "a tangible threat" to the applicant's legal interest. *Id*. at 1123. This factor may be satisfied if, for example, a disposition of the present

---

[2] Although the Bank offers to modify its proposed judgment as a means of obviating Sapphire's need to intervene, the Bank does not explain whether the Court would be inclined to accept such a proposed judgment without a prior indication in the record of any interest belonging to Sapphire.

action in the applicant's absence will have a *stare decisis*, *res judicata* or collateral estoppel effect on any action which they bring separately, or if the applicant's rights may be affected by a proposed remedy. *See United States v. Smith*, 48 V.I. 544, 550 (D.V.I. 2006).

Sapphire avers that unless it is permitted to intervene, and the Bank or another purchaser acquires title to the property in the foreclosure action, Sapphire will be unable to collect the dues attributable to the Hutchings and will be forced to obtain the funds from the other condominium owners. [ECF 65] at 3; [ECF 70] at 2. The Bank argues that under 28 V.I.C. § 922, its lien has priority over Sapphire's. [ECF 69] at 5. Further, the Bank contends that Sapphire's interests are adequately protected in that it has filed its own foreclosure action in the Superior Court of the Virgin Islands. *Id.* As Sapphire notes, if the Court adopts the Bank's proposed remedy—a judgment that forecloses "all liens and claims including those of unnamed third parties,"— Sapphire's interest will be affected in a concrete fashion. To wit, Sapphire will lose the opportunity to possibly share in the foreclosure sale proceeds. Thus, Sapphire's interest will be impaired if the action proceeds in its absence.[3]

3. <u>Adequacy of Representation of Sapphire's Interest by Existing Parties</u>

To satisfy the third element, the applicant must demonstrate that the representation of its interest in the existing litigation by existing parties may be inadequate. *Kleissler*, 157 F.3d at 969. The applicant satisfies this burden by a showing that: (1) "the interest of the applicant so diverges from those of the representative party that the representative party cannot devote proper attention to the applicant's interest; (2) there is collusion between the existing parties; or (3) the

---

[3] That is not to say that Sapphire will be able to collect its dues if permitted to intervene in the action—only that Sapphire's interest will be considered at the same time as the Bank's if allowed to enter the case. *See* 28 V.I.C. § 533 ("When a judgment is given foreclosing two or more liens upon the same property . . . such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.").

representative party is not diligently prosecuting its suit." *Alcan Aluminum, Inc.*, 25 F.3d at 1185 n.15. Further, "[a]n intervenor need only show that representation may be inadequate, not that it is inadequate." *Kleissler*, 157 F.3d at 974 (quotation marks omitted).

Sapphire argues that the Bank does not adequately represent Sapphire's interests because in its First Amended Complaint, the Bank seeks the "foreclosure of all liens and claims including those of unnamed third parties." [ECF 65] at 3. The Bank contends that it can adequately represent Sapphire's interests by revising its proposed judgment to list Sapphire as a junior lienholder. [ECF 69] at 6. The Bank further argues that at the time it filed its First Amended Complaint, Sapphire was not a junior lienholder and therefore not a mandatory party to the suit. *Id.* Sapphire avers that it has always had a lien on the property, even absent the recording of a notice of lien. [ECF 70] at 3. Sapphire also maintains that it is a necessary party under 28 V.I.C. § 532 and FRCP 19.[4] *Id.*

The Court finds that the Bank does not adequately represent Sapphire's interest because, as Sapphire notes, the Bank currently seeks the foreclosure of all liens.

C.  Sapphire's Application Also Satisfies Rule 24(b)

Sapphire argues simply that permissive intervention under FRCP 24(b)(1)(B) is appropriate in this case because it "has a claim or defense that shares with the main action a common question of law or fact." [ECF 65] at 4.

In an exercise of its discretion, the Court finds that even if Sapphire had not satisfied the elements for intervention as of right, it has met the requirements for permissive intervention. Not only is Sapphire's motion timely, but there exist common questions of law and fact between the

---

[4] Because the Court concludes that intervention is appropriate under both FRCP 24(a) and (b), the Court need not consider Sapphire's arguments under FRCP 19.

Bank's and Sapphire's liens on the Hutchings' property. Further, Sapphire's intervention will not unduly delay or prejudice the adjudication of the Bank's rights.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED:

(1) Sapphire's second amended motion to intervene [ECF 67] is GRANTED;

(2) Sapphire shall file its Answer and Crossclaim on or by <u>April 26, 2022</u>, corrected to reflect the appropriate parties in the caption and in the cross-claim allegations; and

(3) Sapphire shall promptly obtain and serve summons(es), if necessary, for its cross-claim.

**Dated**: April 19, 2022  S\ _____
**RUTH MILLER**
United States Magistrate Judge