IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ORIENTAL BANK,

    Plaintiff,

v.

CHARLES J. HUTCHINGS; and the Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER;

    Defendants,

v.

SAPPHIRE HILL VILLAGE CONDOMINIUM OWNERS ASSOCIATION;

    Intervening Defendant/Crossclaimant.
_____/

Case No.: 3:19-cv-00057

Action for Debt and Foreclosure of Real Property Mortgage

## JUDGMENT AND ORDER OF FORECLOSURE

THIS MATTER is before the Court on the joint/unopposed motion of Plaintiff, ORIENTAL BANK, ("Plaintiff") for entry of Judgment against Defendants CHARLES J. HUTCHINGS; the Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER; and SAPPHIRE HILL VILLAGE CONDOMINIUM OWNERS ASSOCIATION. Plaintiff further seeks an Order foreclosing its mortgage lien on certain real property given as security for repayment of the debt owing by the Defendants and foreclosure of any lower priority liens.

Intervening Defendant/Crossclaimant SAPPHIRE HILL VILLAGE CONDOMINIUM OWNERS ASSOCIATION, the only party which filed an Answer to Plaintiff's Complaint, does not oppose Plaintiff's motion, and also seeks entry of a default judgment as to its crossclaim against Defendants CHARLES J. HUTCHINGS.

Upon review of the relevant pleadings, affidavits, loan and mortgage documents, it is hereby GRANTED as follows:

### A. Findings of Fact and Conclusions of Law

1. Jurisdiction is proper over this matter pursuant to 28 U.S.C. § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2. Venue is proper in this division because the real property at issue is located in St. Thomas, U.S. Virgin Islands.

3. Plaintiff ORIENTAL BANK is a wholly owned subsidiary of OFG Bancorp, a financial holding company with main offices in San Juan, Puerto Rico.

4. Defendant SAPPHIRE HILL VILLAGE CONDOMINIUM OWNERS ASSOCIATION ("SAPPHIRE") is an association of apartment owners (as defined in 28 V.I.C. § 901) for the condominium property known as Sapphire Hill Village Condominium, at the Property known as Parcel No. 16-1-1A Estate Smith Bay, Nos. 1, 2, & 3 East End Quarter, St. Thomas, U.S. Virgin Islands; and is joined pursuant to V.I. CODE ANN. tit. 28, § 532 by virtue of subordinate mortgages/liens/interests recorded against the subject property.

5. NANCY A. HUTCHINGS, Deceased, and Defendant CHARLES J. HUTCHINGS are the owners of record of the subjected Mortgaged Property located in St. Thomas, U.S. Virgin Islands.

6.   NANCY A. HUTCHINGS is deceased as of October 15, 2019.

7.   Defendant CHARLES J. HUTCHINGS is the only heir-at-law of NANCY A. HUTCHINGS, and is also the residuary devisee of the Estate of NANCY ANNE HUTCHINGS (a/k/a NANCY A. HUTCHINGS) according to the Last Will and Testament of NANCY ANNE HUTCHINGS (a/k/a NANCY A. HUTCHINGS).

8.   The Last Will and Testament of NANCY ANNE HUTCHINGS (a/k/a NANCY A. HUTCHINGS) does not contain a specific bequest of the Mortgaged Property, and is, therefore, part of the residuary estate.

9.   The Last Will and Testament of NANCY ANNE HUTCHINGS (a/k/a NANCY A. HUTCHINGS) was duly proved and admitted to probate in the State of Connecticut, Hamden – Bethany Probate Court, Case No. 19-00655, on December 11, 2019.

10.   Defendant CHARLES J. HUTCHINGS is a citizen and resident of East Sandwich, Massachusetts.

11.   Defendants UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF NANCY A. HUTCHINGS A/K/A NANCY ANNE HUTCHINGS F/K/A NANCY A. MCMASTER; are named to have title quieted as to any lien or claim of right of any and all Defendants or other third parties, known or unknown, claiming any present or future right, title, estate, or interest in the Mortgaged Property.

12.   On December 14, 2009, NANCY A. HUTCHINGS and Defendant CHARLES J. HUTCHINGS executed a Note, in which they promised to pay the Note Holder the principal sum of ONE HUNDRED TWENTY SEVEN THOUSAND FIVE HUNDRED and 00/100 Dollars

($127,500.00) together with interest at the rate of 5.50% per annum, in equal monthly installments of $723.93.

13. The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

14. Repayment of the loan given to NANCY A. HUTCHINGS and Defendant CHARLES J. HUTCHINGS, including any and all sums that they at any time and for any reason may become indebted to the Note Holder, is secured by a First Priority Mortgage executed on December 14, 2009 by NANCY A. HUTCHINGS and Defendant CHARLES J. HUTCHINGS in the principal sum of ONE HUNDRED TWENTY-SEVEN THOUSAND FIVE HUNDRED and 00/100 U.S. Dollars ($127,500.00) covering the following real property:

> **APARTMENT NO. 202-A (AKA 147) TOBAGO BUILDING**
> **SAPPHIRE HILL VILLAGE CONDOMINIUM**
> **PARCEL NO. 16-1-1A ESTATE SMITH BAY**
> **NOS. 1, 2 AND 3 EAST END QUARTER**
> **ST. THOMAS, U.S. VIRGIN ISLANDS 00802**

("Mortgaged Property"). The First Priority Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on December 14, 2009, as Document No. 2009009965.

15. The First Priority Mortgage was assigned by THE BANK OF NOVA SCOTIA to Plaintiff ORIENTAL BANK by an Assignment of Mortgage recorded on May 19, 2020 at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John, as Document No. 2020002433.

16. The Note follows the First Priority Mortgage. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and First Priority Mortgage.

17.     NANCY A. HUTCHINGS and Defendant CHARLES J. HUTCHINGS have failed to comply with the terms and conditions of the Note and Mortgage and are in default under those instruments for failing to pay the principal and interest when due on May 1, 2018.

18.     Notice of the default was sent to NANCY A. HUTCHINGS and Defendant CHARLES J. HUTCHINGS at their mailing address and at the Mortgaged Property address at the time of default.

19.     Pursuant to the terms and conditions of the Note and First Priority Mortgage, Plaintiff ORIENTAL BANK has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is now, due and owing to Plaintiff, as of November 30, 2021 the total sum of at least **$170,835.55** as of **June 1, 2022**, as shown below:

| | |
|---|---|
| Principal Balance | $ 108,573.25 |
| Interest: 04/01/2018 to 06/01/2022 | $   24,881.50 |
| Costs | $     2,639.75 |
|     Property Inspections: $2,080.00 | |
|     Original Documents: $34.75 | |
|     Prior Servicer Fees Pend.: $525.00 | |
| Pre-Acceleration Late Charges | $     1,737.60 |
| Foreclosure Expenses | $   23,638.70 |
| Reserve Escrow | $     9,292.55 |
| Charges Due | $          36.20 |
| Inspection Fee | $          36.00 |
| **TOTAL** | **$ 170,835.55** |

Per diem interest in the amount of **$16.36** with interest rate of **5.500%** will accrue on the principal unless there is an interest rate change set forth in the Note. The aforementioned per diem interest will then accrue on the principal unless/until the next interest rate change date and accrue thereafter in accordance with the variable rate as set forth in the Note.

20.     Plaintiff's First Amended Complaint was filed on or about February 17, 2021. [ECF No. 27].

21. Pursuant to the Court's Orders [ECF Nos. 33 and 40], service by publication was completed on Defendant(s) UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIEES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A/ MCMASTER in the U.S. Virgin Islands on March 15, 2021.

22. The Court subsequently entered Default against Defendants, UNKNOWN HEIRS, BENEFICIARIES, DEVISEES, CREDITORS, GRANTEES, ASSIGNEES, LIENORS, TRUSTEES AND ALL OTHER PARTIEES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A/ MCMASTER on October 6, 2021. [ECF No. 52].

23. Personal Service of Plaintiff's Summons & Complaint was completed on Defendant CHARLES J. HUTCHINGS on March 18, 2021.

24. Pursuant to Federal Rules of Civil Procedure 12(a)(1)(A)(i) Defendant CHARLES J. HUTCHINGS failed to respond to the First Amended Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on October 18, 2021. [ECF No. 55].

25. A search of the Department of Manpower Database indicated that Defendant CHARLES J. HUTCHINGS is not an active member of the U.S. Armed Forces.

26. There is no indication that Defendant CHARLES J. HUTCHINGS is a minor or incompetent based on his interactions with Plaintiff, its agents, and its predecessor(s) in interest.

27. Upon information and belief, no one acting on behalf of the Defendants Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties

claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER are minors, incompetent, or members of the military.

28. During the pendency of this action and prior to the foreclosure sale of the Mortgaged Premises, Plaintiff ORIENTAL BANK may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgage Premises, which, pursuant to the First Priority Mortgage become part of the principal amount of the indebtedness and for which Plaintiff is entitled to recover against Defendants; as well as its costs and fees, including reasonable attorneys' fees as a result of protecting Plaintiff's legal rights, which under the provisions of the Mortgage also become a lien on the Mortgaged Property until paid.

29. Plaintiff's First Priority Mortgage is a first priority lien upon the Mortgaged Property.

30. Plaintiff's Notice of Lis Pendens was recorded at the Office of Recorder of Deeds for the U.S. Virgin Islands, District of St. Thomas/St. John on November 13, 2019 as Document No. 2019007865, advising all of this pending action.

31. Defendant SAPPHIRE was permitted to intervene as a Defendant in this matter pursuant to V.I. CODE ANN. tit. 28, § 532 by Order dated April 19, 2022. [ECF 72.]

32. Defendant Sapphire has accepted service of the Summons and First Amended Complaint, and submits to the jurisdiction of this Court, and has filed an Answer to Plaintiff's First Amended Complaint on April 25, 2022. [ECF No. 73.]

33. Defendant SAPPHIRE asserted a cross-claim against Defendant CHARLES J. HUTCHINGS for foreclosure of its Notice of Lien recorded at the Office of the Recorder of Deeds

for St. Thomas and St. John on September 27, 2021 as Document No. 2021006144, pursuant to V.I. CODE ANN. tit. 28, § 922. [ECF 73 at p.4, ¶¶8-12.]

34. SAPPHIRE recorded a Notice of Lis Pendens against the Mortgaged Property in the Office of the Recorder of Deeds as Document No. 2022003127 on May 6, 2022. [ECF 80 & 80-1.]

35. As of June 1, 2022, Defendant SAPPHIRE is owed Thirty Three Thousand Two Hundred Six and 24/100 U.S. Dollars ($33,206.24), plus interest accruing thereon. Unpaid charges against the Mortgaged Property continue to accrue pursuant to the Notice of Lien by a base amount of at least $953.12 on the first day of every month thereafter.

36. SAPPHIRE served Defendant Hutchings with a Summons and Crossclaim on May 11, 2022. [ECF 81 & 81-1.]

37. Defendant Hutchings failed to answer, plead, or otherwise response to the Summons and Crossclaim within the time permitted by law and SAPPHIRE filed a request for entry of default and supporting documents on June 6, 2022. [ECF 82; 82-1; 83; 83-1.]

38. Plaintiff and Defendant SAPPHIRE have executed a Stipulation as to Lien Priority and Amount and Joint Motion to Waive Statutory Mediation Requirement, jointly requesting that the Court enter an order waiving the statutory mediation requirement pursuant to 28 V.I.C. § 531, by agreement of the parties, given that the stipulation resolves all issues between them and there are no additional items in dispute.

39. Plaintiff and Defendant SAPPHIRE have further stipulated and agreed that Plaintiff may file an updated dispositive motion consistent with the terms of their stipulation, specifically including a request for foreclosure of Defendant SAPPHIRE's Notice of Lien; and listing

Defendant SAPPHIRE's Notice of Lien in order of priority and amount on its proposed judgment, which Defendant SAPPHIRE agreed not to oppose.

### B. Judgment for Debt

Judgment for debt is hereby entered as to the Note and First Priority Mortgage in favor of Plaintiff ORIENTAL BANK, and against Defendants CHARLES J. HUTCHINGS; and Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER; in the amount of **$170,835.55** as detailed below:

| | |
|---|---|
| Principal Balance | $ 108,573.25 |
| Interest: 04/01/2018 to 06/01/2022 | $ 24,881.50 |
| Costs | $ 2,639.75 |
|     Property Inspections: $2,080.00 | |
|     Original Documents: $34.75 | |
|     Prior Servicer Fees Pend.: $525.00 | |
| Pre-Acceleration Late Charges | $ 1,737.60 |
| Foreclosure Expenses | $ 23,638.70 |
| Reserve Escrow | $ 9,292.55 |
| Charges Due | $ 36.20 |
| Inspection Fee | $ 36.00 |
| **TOTAL** | **$ 170,835.55** |

plus further interest accruing at the rate of **$16.36** per diem (5.500%) from June 1, 2022, to the date of entry of this judgment; plus statutory interest of 4.00% to accrue on the total judgment so entered from the date hereof.

Judgment for debt is also entered on the second priority lien in favor of Crossclaimant SAPPHIRE, and against Defendant CHARLES J. HUTCHINGS in the amount of **$33,206.24**, plus interest accruing thereon. Unpaid charges against the Mortgaged Property continue to accrue pursuant to the Notice of Lien by a base amount of at least $953.12 starting on July 1, 2022, and on the first day of every month thereafter.

Counsel may file a separate application for any additional attorney's fees and costs incurred as a result of this action at any time prior to the prior to the entry of the Order confirming sale.

**D.     Judgment of Foreclosure of Real Property Mortgage**

Judgment of Foreclosure of Mortgage in satisfaction of the Judgment for Debt shall be, and is hereby, entered in favor of Plaintiff ORIENTAL BANK, and against Defendants CHARLES J. HUTCHINGS; and Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER, as to the following real property (the "Property" or the "Mortgaged Property"):

> **APARTMENT NO. 202-A (AKA 147) TOBAGO BUILDING**
> **SAPPHIRE HILL VILLAGE CONDOMINIUM**
> **PARCEL NO. 16-1-1A ESTATE SMITH BAY**
> **NOS. 1, 2 AND 3 EAST END QUARTER**
> **ST. THOMAS, U.S. VIRGIN ISLANDS**

Plaintiff's Mortgage is a first priority lien superior to all other liens of record or claims of legal or equitable interests of the Defendants. Plaintiff's right, title, and interest in the Mortgaged Property is superior to and shall not be subject to challenge by any parties claiming to be unknown heirs, devisees, beneficiaries, grantees, assignees, lienors, creditors, trustees, and all other unknown persons or spouses claiming by, through, under or against the Defendants.

Defendant SAPPHIRE's lien recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on September 27, 2021 as Document No. 2021006144 is second in priority to Plaintiff ORIENTAL BANK's Mortgage lien, and superior to all other liens of record or claims of legal or equitable interests of the Defendants. Defendant SAPPHIRE is owed Thirty Three Thousand Two Hundred Six and 24/100 U.S. Dollars ($33,206.24) as of June 1, 2022, with unpaid

charges against the Mortgaged Property continuing to accrue pursuant to the Notice of Lien by a base amount of at least $953.12 on the first day of every month thereafter.

Further, any liens recorded against the Property after the date of the recording of Plaintiff's Mortgage and the Notice of Lis Pendens in this matter are foreclosed, whether known or unknown. Finally, Plaintiff shall have foreclosure of its mortgage in satisfaction of the Judgment for Debt in accordance with the rules, procedures, and usages of this Court.

E. **General Provisions**

1. Upon sale by the U.S. Marshal, all rights of the Defendants shall be divested with the exception of a six month right of redemption in the Property in accordance with title 28, section 535 of the Virgin Islands Code.

2. Plaintiff ORIENTAL BANK shall be entitled to a deficiency judgment against Defendants CHARLES J. HUTCHINGS; and Unknown Heirs, beneficiaries, devisees, creditors, grantees, assignees, lienors, trustees, and, all other parties claiming an interest by, through, under or against the ESTATE OF NANCY A. HUTCHINGS a/k/a NANCY ANNE HUTCHINGS f/k/a NANCY A. MCMASTER should the proceeds from the Marshal Sale be insufficient to satisfy the judgment.

3. The U.S. Marshal shall be directed to deliver to the purchaser at the Marshal's Sale a Certificate of Title for the Property immediately following confirmation of sale, and a U.S. Marshal's Deed with respect to the Property immediately upon expiration of all rights of redemption.

4. The proceeds of the U.S. Marshal's Sale shall first be applied to the satisfaction of the Judgment for Debt; and thereafter, if any excess funds exist, applied to the satisfaction

Defendant SAPPHIRE's second priority lien; and thereafter, if any excess funds exist, applied to the satisfaction of any subsequent liens consistent with Virgin Islands law.

5. Plaintiff ORIENTAL BANK is authorized to advertise a Notice of Marshal's Sale incorporating the general provisions hereof, once per week for four (4) consecutive weeks prior to such U.S. Marshal's Sale, in a newspaper of general circulation as it is defined in title 1, section 41 of the Virgin Islands Code, and such provisions and means of publication are found to be commercially reasonable in every respect.

6. At any time, before or after the U.S. Marshal's Sale, Plaintiff ORIENTAL BANK shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and Plaintiff ORIENTAL BANK and/or its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids.

7. Plaintiff ORIENTAL BANK and its nominee(s) and assignee(s) shall not be required to deposit in cash or any percentage of its or their bids if any of them is the successful bidder, but any other bidder at the Marshal's Sale the terms shall be cash or other immediately available funds and the highest bidder shall be required to pay the U.S. Marshal ten percent (10%) of the bid in cash or immediately available funds no later than 3:00 pm on the day of the sale as a condition of being the successful bidder, and to pay the remaining ninety percent (90%) of the bid in cash or immediately available funds within thirty (30) days, inclusive of the date of sale.

8. The failure to deposit ten percent (10%) of the bid or to pay the balance within the prescribed time periods will result in the forfeiture of all deposits as and for liquidated damages to be applied toward satisfaction of costs or the Debt Judgment, and the U.S. Marshal may, at the

option of Plaintiff ORIENTAL BANK or its nominee(s) or assignee(s), award the sale to the next highest bidder or sell the property again at the next available U.S. Marshal's Sale.

9. Time is of the essence for the payment of all amounts in connection with the U.S. Marshal's Sale.

10. Counsel for Plaintiff ORIENTAL BANK shall be entitled to prepare the U.S. Marshal's Deed if Plaintiff ORIENTAL BANK or its nominee or assignee is the successful bidder, and the U.S. Marshal shall execute such Deed, which Deed shall conform to existing law.

**IT IS SO ORDERED, ADJUDGED AND DECREED** on this __21st__ day of __October__, 2022

/s/ Robert A. Molloy
**JUDGE OF THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**ATTEST:**
**GLENDA L. LAKE, ESQ.**
**Clerk of Court**

**By:** _____